IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

SILVIA VERA BRIONES,
　　　　　　　　　*Petitioner*,

　　v.

MARKWAYNE MULLIN, *et al*.,
　　　　　　　　　*Respondents*.

1:26-cv-00994-MSN-WBP

ORDER

Silvia Vera Briones ("Petitioner") has filed a three-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which she asserts that she has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that her characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting her to mandatory detention under 8 U.S.C. § 1225(b)(2), violates the Immigration and Nationality Act ("INA") (Count I), and her due process rights (Count III). Petitioner also alleges that ICE revoked her conditional parole without following the procedures established by 8 C.F.R. § 236.1(c)(9), in violation of the *Accardi* doctrine (Count II). For the reasons that follow, the Court will grant the Petition as to Counts II and III.[1]

## I.　BACKGROUND

Petitioner is a citizen of Peru who entered the United States without inspection on or around November 15, 2022. ECF 1 ¶ 37. After Petitioner entered the country, DHS encountered and detained her. *Id.* On November 16, 2022, DHS issued Petitioner a Notice to Appear and released

---

[1]　　Because the Court grants the Petition as to Counts II and III, it need not address Petitioner's claim under the INA.

her on her own recognizance pursuant to 8 U.S.C. § 1226(a). *Id.*; *see also* ECF Nos. 1-2, 1-3, 1-4. Petitioner subsequently moved to Virginia, where she lives with her aunt, and applied for asylum. ECF 1 ¶¶ 38, 39; ECF 1-5.

On January 8, 2024, Petitioner received a "Call-In Letter" from DHS directing her to report to an ICE processing center on January 30, 2024. ECF 1-7. Petitioner reported to the office and was instructed to return on January 30, 2025. *Id.* When she reported to ICE on January 30, 2025, ICE revised the conditions of her release on recognizance, including requiring that she enroll in Alternatives to Detention. ECF 1-8.

On October 25, 2025, Petitioner was charged in Loudoun County, Virginia with Misdemeanor Driving While Intoxicated. ECF 1 ¶ 43. Petitioner was found guilty and sentenced to ninety days of suspended incarceration and twelve months of supervised probation on March 3, 2026. *Id.* The day before Petitioner's sentencing, ICE instructed Petitioner to appear on March 17, 2026, for a "case review." *Id.* ¶ 44. When she appeared on this date, ICE arrested Petitioner and transferred her to the Caroline Detention Facility where she remains detained. *Id.*

On April 13, 2026, she filed the instant Petition, naming Markwayne Mullin, the DHS Secretary; Todd M. Lyons, ICE's Acting Director; Todd Blanche, the Acting Attorney General; and Robert Guadian, the Field Office Director of ICE's Washington Field Office (collectively "Federal Respondents"). *Id.* at 1. Petitioner also names Paul Perry, the warden of the Caroline Detention Center. *Id.* She alleges that DHS has denied her release on bond while her removal proceedings are pending and that requesting custody redetermination from an Immigration Judge ("IJ") would be futile pursuant to the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶ 47. She further argues that ICE has

---

[2]     Federal Respondents have waived any argument that Petitioner did not exhaust her administrative remedies with respect to her habeas claim.

arrested and detained her without formally revoking her Order of Release on Recognizance in violation of its regulations.

In response to the Court's Order of April 14, 2026 (ECF 2), Federal Respondents stated that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Servellon Martinez v. Lyons*, 1:25-cv-1792 (E.D. Va. Nov. 7, 2025). ECF 4. Accordingly, the Court incorporates the filings from *Servellon Martinez* into this case. Federal Respondents declined, however, to respond to Petitioner's *Accardi* claim regarding the validity of her detention given her prior Order of Release on Recognizance. *See id.*

## II.    ANALYSIS

The Court must first determine whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that her detention should be governed by § 1226(a) and that her current detention without bond pursuant to § 1225(b)(2) violates her right to due process. In *Servellon Martinez*, Federal Respondents "recognize[d] that this Court and other jurists of this Court recently rejected Federal Respondents' arguments" to the contrary. No. 1:25-cv-1792, ECF 5 at 1 (E.D. Va. Oct. 23, 2025); *see also, e.g.*, *Quispe-Ardiles v. Noem*, No. 1:25-cv-01382-MSN-WEF, 2025 WL 2783800 (E.D. Va. Sept. 30, 2025); *Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799 (E.D. Va. Sept. 29, 2025). Nevertheless, they raised these same arguments "to preserve them for appeal." No. 1:25-cv-1792, ECF 5 at 1 (E.D. Va. Oct. 23, 2025).

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed

into removal proceedings. *Id.* at 5–14. They therefore argue that because Petitioner is present in the United States but has not been legally "admitted," she should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2). *Id.*

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that reasoning into this Order. *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly three-and-a-half years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already

---

[3]    *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), Petitioner is not subject to mandatory detention under § 1225(b)(2).

Having concluded that Petitioner is not subject to mandatory detention, the Court must determine whether Federal Respondents properly arrested and detained her given her prior Order of Release on Recognizance. Under the *Accardi* doctrine, an agency is required to follow procedural safeguards established by its regulations. *United States v. Morgan*, 193 F.3d 252, 266 (4th Cir. 1999). An agency's failure to follow those regulations "may result in the invalidation of the ultimate administrative determination." *Id.* Ordinarily, an agency's failure to follow its regulations will only render its determination invalid if an individual can demonstrate that they were prejudiced by the deviation. *Id.* at 267. Prejudice, however, may be presumed in certain circumstances, including where "compliance with the regulation is mandated by the Constitution," or where an agency creates a procedural framework "designed to insure the fair processing of an action affecting an individual." *Santamaria Orellana v. Baker*, No. 25-cv-1788-TDC, 2025 WL 2444087, at *5 (D. Md. Aug. 25, 2025) (internal quotation marks omitted).

Here, 8 C.F.R. § 236.1(c)(9) provides that, where a noncitizen has been conditionally released by ICE:

> such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the [noncitizen] may be taken into physical custody and detained.

*Id.* The requirement that a senior official make the determination to revoke release is not an administrative suggestion—it is part of a procedural framework designed to ensure that individuals' liberty interests are properly protected. *See Singh v. Noem*, --- F. Supp. 3d ---, 2026 WL 766228, at *8 (D. N.M. Mar. 18, 2026) (explaining that noncitizens have a liberty interest in

5

the proper revocation of conditional parole under 8 C.F.R. § 236.1(c)(9)); *see also Lu v. Noem*, 1:26-cv-00390-MSN-IDD, ECF 8 at 9 (E.D. Va. Mar. 2, 2026) (concluding that respondents' failure to comply with an analogous regulation requiring senior officials to make the determination to revoke release violated the *Accardi* doctrine and the petitioner's right to due process); *Bautista Serpas v. Simon*, 1:25-cv-02369, ECF 15 at 10-11 (E.D. Va. Feb. 3, 2026) (same). There is no indication that any of individuals required by 8 C.F.R. § 236.1(c)(9) were involved in the decision to arrest and detain Petitioner, and Federal Respondents have not argued otherwise. Accordingly, the Court concludes that Petitioner's arrest and detention are unlawful under the *Accardi* doctrine and will order Petitioner's release. *See, e.g.*, *Mangandid Barillas v. Trump*, 1:26-cv-00194, ECF 12 at 6 (E.D. Va. Mar. 25, 2026) (explaining that the proper remedy for an *Accardi* violation is a petitioner's release).

### III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be immediately released from custody, with all her personal property; it is further

ORDERED that Federal Respondents are ENJOINED from rearresting Petitioner absent a decision to revoke her Order of Release on Recognizance in accordance with 8 C.F.R. § 236.1(c)(9); it is further

ORDERED that, should Federal Respondents re-detain Petitioner, Federal Respondents are ENJOINED from denying Petitioner release on bond on the basis that she is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2).

**IT IS SO ORDERED.**

6

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

April 22, 2026
Alexandria, Virginia